IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) | C O M P L A I N T |
| CHOCTAW TRANSPORTATION COMPANY, INC. | ) ) ) | |
| Defendant. | ) ) | JURY TRIAL DEMAND |

_____

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race, and to provide appropriate relief to Larry A. Jones and a class of similarly situated African Americans who were adversely affected by such practices. This action is also brought under the Americans with Disabilities Act of 1990.

As alleged with greater particularity below, Plaintiff, Equal Employment Opportunity Commission asserts that Defendant maintains a policy and practice of intentionally failing to hire African Americans as deckhands because of their race and utilizes a segregated work force based upon job assignments and race. In addition, Defendant failed to collect and maintain on separate forms and in separate files medical records. Defendant commingled personnel and medical records. Defendant also made pre-employment inquiries about applicant's medical history in violation of the Americans with Disabilities Act.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and 6 ("Title VII"), Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, as well as Section 107 (a) of the Americans with Disabilities Act of 1990 ("ADA").

2.      The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Western District of Tennessee, Eastern Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and the ADA, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) and 707 of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and -6, as well as Section 107 (a) of the ADA, 42 U.S.C. § 12117 (a).

4.      At all relevant times, Defendant, Choctaw Transportation Company, Inc., (hereinafter "Choctaw"), a Mississippi corporation, has continuously been  doing business in the State of Tennessee and the City of Dyersburg, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant, Choctaw, has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h), as well as Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7).

## STATEMENT OF CLAIMS

6.     More than thirty days prior to the institution of this lawsuit, Larry A. Jones filed a charge with the Commission alleging violations of Title VII by Defendant.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.     Since at least December 7, 2007, Defendant Choctaw has engaged in unlawful employment practices at its facility located in Dyersburg, Dyer County, Tennessee, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), and Title I of the Civil Rights Act of 1991.

8.     The unlawful employment practices include failing to hire and then place in available positions Larry Jones and other African Americans as a class because of their race.

(a)     Defendant, Choctaw, operates a marine construction and transportation company located in Dyersburg, Tennessee, that works with the Army Corps of Engineers and the Natural Resources Conservation Services in the marine/barge industry.

(b)     Larry Jones, an African American, applied for a position as a deckhand with Defendant in Dyersburg, Tennessee, on December 7, 2007.

(c)     On this date, Jones spoke directly with one of Defendant's employees, boat pilot Russell Bolan.

(d)     Bolan, at all times relevant to this action, was authorized by Defendant, in his capacity as a pilot, to hire and fire hands on his boat.

(e)     Bolan offered Mr. Jones a job.

(f)     Mr. Jones was placed in orientation, took a drug test, physical, and watched a film on his duties on board the boat.  Further, Jones completed other necessary paperwork for employment (W2's, etc.), purchased the necessary clothing and equipment, and waited to hear from Bolan on a start date.

(g)    Bolan knew Jones and understood that Jones needed a job.  Jones called Bolan on several occasions asking about a report date, only to be told that Defendant, Choctaw, was looking for him a position, and that Choctaw was not ready for him to report.  Jones was told during this time period that he did not need to complete another application because he had already been hired and that Defendant was just waiting for the boat to come back.

(h)    In a subsequent conversation, in April, 2008, Bolan informed Jones that management within Defendant's organization had told him that he could not send Jones to the boat as a deckhand because he was African American.

(i)    Specifically, Defendant's Safety Director, Collin Berry, told Bolan that Jones could not be sent out on the boat because there would be problems.

(j)    Berry informed Bolan that the white employees on the boat, and specifically the deckhands, would use the "N" word and there would be fights.

(k)    Bolan worked for Defendant on and off for seven years and had never had an African American as a deckhand.

(l)    Defendant never allowed Jones, an African American, to work as a deckhand in the position for which he was hired.

9.    Since at least December 7, 2007, Defendant, Choctaw, has engaged in unlawful employment practices at its facility located in Dyersburg, Dyer County, Tennessee, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(2), and Title I of the Civil Rights Act of 1991.

10.    The unlawful employment practices include limiting, segregating and classifying Larry Jones and a class of African Americans applicants for employment and employees because of their race.

(a)    Defendant employs a small percentage of African American employees at any

4

given time, and when African Americans are hired they are placed as "oilers" and are not hired or allowed to become "deckhands."

(b)     Defendant has maintained a policy and practice over decades of hiring African American workers as oilers and white workers as deckhands.

(c)     By not hiring African Americans as deckhands and allowing them to work only as oilers, Defendant creates and maintains segregated job assignments and classifications.

11.     The effect of the practice(s) complained of in paragraph(s) 8 (a) through (l) and 10 (a) through (c),  above, has been to deprive Larry Jones and other similarly situated African Americans of equal employment opportunities and otherwise adversely affect their status as employees or applicants for employment, because of their race.

12.     The unlawful employment practices complained of in paragraphs 8 (a) through (l) and 10 (a) through (c) above were and are intentional.

13.     The unlawful employment practices complained of in paragraphs 8 (a) through (l) and 10 (a) through (c) above were and are done with malice or with reckless indifference to the federally protected rights of Larry Jones and other African American applicants and employees.

14.     Since at least December 7, 2007, Defendant Choctaw has failed to collect and maintain medical records separately from personnel records, in violation of the ADA, 42 U.S.C. Section 12112(d) (3)(B).  Instead, Defendant has commingled medical records with personnel records.

(a)     During the course of its investigation, the Commission learned that Defendant does not maintain applicants' or employees' medical files/records separate from their personnel files or documents.

(b)     Defendant commingles medical records with personnel files in violation of the ADA, 42 U.S.C. Section 12112(d) (3)(B).

15.     The unlawful employment practice complained of in paragraphs 14 (a) through (b) above were and are intentional.

16.     The unlawful employment practices complained of in paragraphs 14 (a) through (b) above were and are done with malice or with reckless indifference to the federally protected rights of Larry Jones and other employees and applicants.

17.     Since at least December 7, 2007, Defendant Choctaw Defendant has further violated the ADA, 42 U.S.C. Section 12112(d) (2)(A), by making employment inquiries concerning applicants' medical history at the pre-offer stage.

(a)     Defendant has inquired and does currently inquire about applicants' medical history at the pre-offer stage in violation of 42 U.S.C. Section 12112(d) (2)(A).

(b)     Applicants, at the pre-offer stage, were and are required to fill out a medical history form comprised of 30 questions.

(c)     Applicants, at the pre-offer stage, were and are required to state whether they have been examined for, received treatment for, or have ever had previous problems with 148 conditions.

18.     The unlawful employment practices complained of in paragraphs 17 (a) through (c) above were and are intentional.

19.     The unlawful employment practices complained of in paragraphs 17 (a) through (c) above were and are done with malice or with reckless indifference to the federally protected rights of Larry Jones and other applicants.

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant Choctaw, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from

engaging in acts of racial discrimination in their hiring practices or in other terms and conditions of employment, from maintaining segregated job assignments or classifications, from commingling medical records with personnel records and from making improper inquiries of medial history at the pre-offer stage.

   B. Order Defendant Choctaw to institute and carry out policies, practices, and programs which provide equal employment opportunities for African Americans and eradicate the effects of its past and present unlawful employment practices; which maintain personnel and medical records in accordance with the ADA, 42 U.S.C. § 12112(d) (3)(B); and which prohibit improper inquiries of medical history at the pre-offer stage in violation of 42 U.S.C. § 12112(d) (2)(A).

   C. Order Defendant Choctaw to collect and maintain all personnel and medical records, in accordance with the provisions of the ADA, 42 U.S.C. § 12112(d) (3)(B) and to cease making illegal inquiries concerning medical history in violation of 42 U.S.C. § 12112(d) (2)(A), and to award all remedies/damages, as allowed, for Defendant's violation of these provisions.

   D. Order Defendant Choctaw to make whole Larry Jones and a class of other African Americans who were affected by its discriminatory employment practices, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place hiring, promotion, reinstatement, and front pay for Larry Jones and a class of other African Americans.

   E. Order Defendant Choctaw to make whole Larry Jones and a class of similarly situated African Americans, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 8 (a) through (l) and 10 (a) through (c) above, including but not limited to expenses for uniform or gear purchases,

7

relocation, job search, medical expenses not covered by employee benefit plans as well as other out-of pocket expenses, in amounts to be determined at trial.

F.      Order Defendant Choctaw to make whole Larry Jones and a class of similarly situated African Americans, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 8 (a) through (l) and 10 (a) through (c) above, including, but not limited to, emotional distress, pain and suffering, and embarrassment and humiliation, in amounts to be determined at trial.

G.      Order Defendant Choctaw to pay Larry Jones and a similarly situated class of African Americans employees and applicants, punitive damages for its malicious and reckless conduct described in paragraphs 8 (a) - (l), 10 (a) - (c), 14(a) - (b) and 17(a) - (c) above, in amounts to be determined at trial.

H.      Grant such further relief as the Court deems necessary and proper in the public interest.

I.      Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

s/ Faye A. Williams (with permission JMC)
FAYE A. WILLIAMS
Regional Attorney

s/ Celia Liner (with permission JMC)
CELIA LINER
Supervisory Trial Attorney
AR Bar No. 90183

s/ Joseph M. Crout
JOSEPH M. CROUT
Trial Attorney
TN Bar No. 012957
Joseph.crout@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1407 Union Avenue, Suite 901
Memphis, TN  38104
(901) 544-0136

9